UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

MICHELLE MARIE BALETTI

    Debtor,

-----------------------------

PREM DHAWAN,

    Plaintiff and Appellee,

    v.

A. LEWIS CHANDLER,

    Defendant and Appellant.

-----------------------------

CASE NO. CIV. S-06-1801 WBS

(Bankruptcy Court No. 05-27329-C7)

(Adversary Proceeding No. 05-2302)

<u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS APPEAL, VACATE PRIOR ORDER, AND VACATE JUDGMENT</u>

----oo0oo----

    Currently before the court is Appellant A. Lewis Chandler's motion to dismiss his appeal, vacate this court's order of January 2, 2007, and vacate the bankruptcy court's

1

judgment of July 6, 2006.[1]

On January 2, 2007, the court issued an order with explicit instructions as to how the appellant should prosecute his appeal.  This court gave appellant fifteen days to file an Opening Brief with this court.  Appellant did not follow the court's instructions, and now argues that upon dismissal of his appeal, vacatur of both that order and the bankruptcy court's judgment is mandated by the Ninth Circuit's holding in In re Pattullo.  271 F.3d 898 (9th Cir. 2001).

When a civil case becomes moot pending appellate adjudication, "the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss."  Arizonans for Official English v. Ariz., 520 U.S. 43, 71 (1997) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)).  "Vacatur is in order when mootness occurs through happenstance--circumstances not attributable to the parties--or, relevant here, the unilateral action of the party who prevailed in the lower court."  Id. at 71-72.

Appellant argues that appellee acknowledges the mootness of this action and that the action became moot because of appellee's unilateral actions.  The purpose of vacating is to clear the "path for future relitigation by eliminating a judgment the loser was stopped from opposing on direct review."  Arizonans for Official English, 520 U.S. at 71.  Appellee's actions in this

---

[1]  This is the third time that appellant has appeared before this court in this matter.  The facts of this case are detailed in the court's order of October 26, 2006.

2

1 case did not have the effect of stopping appellant's attempts to
2 seek review of the bankruptcy court's order.  The action was not
3 reviewed on the merits by this court because appellant did not
4 conform to the procedure laid out by the Federal Rules of
5 Bankruptcy Procedure and this court's order of January 2, 2007.
6 Accordingly, the court will not grant appellant's request to
7 vacate its and the bankruptcy court's prior orders.  However,
8 because a party may voluntarily dismiss its appeal, it will grant
9 appellant's request to dismiss his appeal.

          IT IS THEREFORE ORDERED that:

          (1) appellant's motion to dismiss his appeal be, and the same hereby is, GRANTED;

          (2) appellant's motion to vacate the court's order of January 2, 2007, and the bankruptcy court's order of July 6, 2006, be, and the same hereby is, DENIED, and this appeal is DISMISSED.

DATED:  June 12, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE