UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re:

MICHELLE MARIE BALETTI

    Debtor,

----------------------------

PREM DHAWAN,

    Plaintiff and Appellee,

    v.

A. LEWIS CHANDLER,

    Defendant and Appellant.

----------------------------

CASE NO. CIV. S-06-1801 WBS

(Bankruptcy Court No. 05-27329-C7)

(Adversary Proceeding No. 05-2302)

<u>ORDER RE:</u>
<u>MOTION FOR RECONSIDERATION</u>

----oo0oo----

Appellant A. Lewis Chandler moves for reconsideration of the court's order of June 12, 2007, which denied his motion to vacate this court's order of January 2, 2007 and the bankruptcy court's judgment of July 6, 2006, and dismissed his appeal.[1]

---

[1] This is the fourth time that appellant has appeared before this court in this matter. The facts of this case are detailed in the court's order of October 26, 2006.

1

1           Appellant brings his motion pursuant to Federal Rule of
2 Bankruptcy Procedure 8015, which grants a party the right to file
3 a motion for rehearing within ten days but does not explicitly
4 provide a standard of review.  A district court may reconsider an
5 order under either Federal Rule of Civil Procedure 59(e) (motion
6 to alter or amend judgment) or Rule 60(b) (relief from judgment
7 or order).  Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.
8 1985).

9           Reconsideration is an "extraordinary remedy, to be used
10 sparingly in the interests of finality and conservation of
11 judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229
12 F.3d 877, 890 (9th Cir. 2000).  A motion for reconsideration
13 "should not merely present arguments previously raised, or which
14 could have been raised in the initial summary judgment motion."
15 United States v. Wetlands Water Dist. 134 F. Supp. 2d 1111, 1130
16 (E.D. Cal. 2001) (citing Backlund, 778 F.2d at 138).

17           Reconsideration under 59(e) is appropriate when the
18 district court (1) is presented with newly discovered evidence,
19 (2) committed clear error or the initial decision was manifestly
20 unjust, or (3) if there is an intervening change in controlling
21 law.  Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d
22 1255, 1263 (9th Cir. 1993); Westlands Water Dist., 134 F. Supp.
23 2d at 1131 (finding reconsideration appropriate under Rule 59(e)
24 where "the district court is presented with newly-discovered
25 evidence or committed clear error; the initial decision was
26 manifestly unjust; or if there is an intervening change in
27 controlling law" (citing 389 Orange St. Partners v. Arnold, 179
28 F.3d 656, 665 (9th Cir. 1999)).  Appellant does not cite a change

2

in facts or controlling law in support of the motion, but argues that the court committed clear error with its order of June 12, 2007, and that the order was unjust.

Appellant continues to argue that vacatur of the bankruptcy court's judgment and the court's order of January 2, 2007, is mandated by the Ninth Circuit's holding in In re Pattullo. 271 F.3d 898 (9th Cir. 2001). When a civil case becomes moot pending appellate adjudication, "the established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." Arizonans for Official English v. Ariz., 520 U.S. 43, 71 (1997) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)). "Vacatur is in order when mootness occurs through happenstance--circumstances not attributable to the parties--or, relevant here, the unilateral action of the party who prevailed in the lower court." Id. at 71-72.

For the reasons discussed in the June 12, 2007 order, the vacatur is not appropriate here. Because appellee merely executed the bankruptcy court's judgment, appellee's actions did not have the effect of stopping appellant's attempts to seek review of the bankruptcy court's order. See Arizonans for Official English, 520 U.S. at 71 (The purpose of vacating is to clear the "path for future relitigation by eliminating a judgment the loser was stopped from opposing on direct review.").

Appellant also argues that the court committed error by dismissing his appeal. The court's order of January 2, 2007 contained explicit instructions as to how the appellant should prosecute his appeal. This court gave appellant fifteen days to

1  file an Opening Brief with this court.  Appellant did not follow
2  the court's instructions.
3          IT IS THEREFORE ORDERED that appellant's motion for
4  reconsideration of the court's June 12, 2007 order be, and the
5  same hereby is, DENIED.
6  DATED:  August 8, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE